UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LG DISPLAY CO. LTD., | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   11–1637 (RC) |
| | : | |
| v. | : | Re Document No.:   43 |
| | : | |
| OBAYASHI SEIKOU CO., LTD. *et al.*, | : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM OPINION

DENYING THE DEFENDANTS' MOTION TO RECONSIDER

### I. INTRODUCTION

This matter comes before the court on the defendants' motion to reconsider. The parties are embroiled in an international patent dispute.[1] They initially litigated this dispute in the courts of Korea, and that country's highest court of appeal ruled for the plaintiff. The plaintiff then filed suit here and moved for partial summary judgment. In response to the plaintiff's motion, the defendants pointed out that similar litigation was underway in Japan. They suggested that the court "should wait for Japanese courts to give the agreement a proper hearing." *See* Defs.' Opp'n at 20–21. On January 28, 2013, this court issued an opinion that rejected the defendants' suggestion.

The defendants then filed a motion to reconsider, *see* Docket No. 43, arguing that the Court misconstrued its request. The defendants contend that they merely asked the court to "defer ruling" on the plaintiff's motion, but that the court incorrectly construed their entreaty as a request to stay the proceedings in their entirety. *See* Def.'s Reply at 7 n.1. Because the

---

[1]   The facts underlying this case were rehearsed at length in this court's January 2013 Memorandum Opinion and will not be reiterated in full here.

defendants' legal and factual arguments are functionally identical to those raised earlier, the court will deny their motion to reconsider.

## II. ANALYSIS

### A. Legal Standard for a Motion to Reconsider Under Rule 54(b)

A district court may revise its own interlocutory rulings "at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." FED. CIV. P. 54(b). Relief upon reconsideration is available "as justice requires." *Johnson–Parks v. D.C. Chartered Health Plan*, 806 F. Supp. 2d 267, 268 (D.D.C. 2011). Under this standard, the court considers "whether [it] patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred." *Negley v. FBI*, 825 F. Supp. 2d 58, 60 (D.D.C. 2011) (internal quotation marks and citation omitted). But a motion for reconsideration is "not simply an opportunity to reargue facts and theories upon which a court has already ruled." *Black v. Tomlinson*, 235 F.R.D. 532, 533 (D.D.C. 2006) (internal quotations omitted). "Where litigants have once battled for the court's decision, they should not be permitted to battle for it again." *Arias v. DynCorp*, 856 F. Supp. 2d 46, 52 (D.D.C. 2012) (citation and alterations omitted).

### B. The Court Denies the Defendants' Motion to Reconsider

In their opposition to the plaintiff's partial summary judgment motion, the defendants submitted three paragraphs explaining why this court should delay a ruling until the Japanese litigation had run its course. The court interpreted this as a request for a stay of the proceedings, and the court denied the request. Mem. Op. (Jan. 28, 2013) at 7–9. The defendants argue that the distinction is material because the court imposed a "higher legal standard" than was appropriate. Defs.' Mot. for Reconsideration at 1. But the defendants do not cite to any

authority for this proposition.  Rather, they appear to concede that either decision—stay or delay—falls entirely within the court's discretion.  *See id.* at 7 ("[E]ven if a district judge feels that summary judgment in a given case is technically proper, sound judicial policy and *the proper exercise of judicial discretion* may prompt him to deny the motion and permit the case to be developed fully at trial." (citing *In re Korean Airlines Disaster of Sept. 1, 1983*, 597 F. Supp. 613, 618 (D.D.C. 1984))) (emphasis added); *id.* ("The Court does not appear to have addressed whether, *as a matter of judicial policy and discretion*, it should defer ruling on LG's motion for summary judgment to allow the related Japanese proceedings to develop.") (emphasis added); *cf.* Mem. Op. (Jan. 28, 2013) at 6 ("This court has the *discretionary power* to stay this action pending the outcome of foreign litigation.  This authority is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (citing *Ronar, Inc. v. Wallace*, 649 F. Supp. 310, 318 (S.D.N.Y. 1986))) (emphasis added).

      The defendants propose a second reason why reconsideration would be in the interest of justice: "since LG's motion for summary judgment was submitted, it has become even more clear that Japanese courts will assess the relationship between LG and Obayashi more completely than the Korean court."  Defs.' Mot. for Reconsideration at 2.  Yet the defendants merely recycle arguments that they raised earlier.  There are four lawsuits that are currently percolating in the courts of Japan.  The first two lawsuits were filed by LG; they are "enforcement actions" asking the Japanese court to rule on the ownership of Japanese patents.  Those cases are currently being heard on appeal. Defs.' Mot. at 4.  The defendants filed the third suit in Tokyo's district court in search of a declaration that the 2004 settlement agreement was invalid.  No decision has yet been rendered.  *Id.*  In the fourth lawsuit, the defendants sued for a

declaratory judgment regarding LG's entitlement to recover monetary damages. *Id.* Thus, the court observes—as it observed before—that "the Japanese litigation does not appear to have reached its conclusion." Mem. Op. (Jan. 28, 2013) at 9.

The defendants insist that the Japanese litigation will provide a "full evidentiary record" on "core issues" that are linked to this case. *Id.* at 9 ("Most fundamentally, the U.S. patents at issue in this case all claim priority from the Japanese patents at issue in the Japanese proceedings. While each of the patents is distinct and protects distinct inventions, the inventions are related."). But this case involves claims arising under U.S. statutes and the common law of the District. And while the Japanese litigation undoubtedly involves a similar set of facts, those cases will not decide the precise legal questions at hand. *Cf.* Mem. Op. (Jan. 28, 2013) at 8 ("In all, there is no evidence suggesting that the Japanese litigation concerns the three U.S. patents at the heart of this suit.").

In fact, the defendants cite only one reason why the Japanese litigation should carry more weight than the Korean judgment—they claim that they were "hampered in their interactions with counsel by linguistic and cultural differences." *See* Decl. of Naoto Hirota at ¶ 29 [Dkt. 21-8] ("I found the Korean litigation very frustrating. Because I am not Korean, I had great difficulty communicating with Korean counsel effectively."). The defendants raised this argument in their opposition to the plaintiff's motion for summary judgment. The court found this argument unpersuasive because the defendants were afforded several tiers of appellate review in the Korean proceedings. *See* Mem. Op. (Jan. 28, 2013) at 15–21.

Finally, the defendants concede that this court would not be bound by the Japanese courts' decisions. Defs.' Mot. at 12 ("Courts are likely to recognize the later of two inconsistent foreign judgments . . . [but] may recognize the earlier judgment or neither." (citing

RESTATEMENT (THIRD) OF FOREIGN RELATIONS LAW § 482(2)(e) (1987))).  Thus, it is unclear whether these decisions are worth the wait.

In sum, the defendants ask the court to wait for a series of opinions that (1) have not yet been issued; (2) will not necessarily be issued in the near future; (3) would not decide the precise legal issues raised here; and (4) would not bind this court.  The court concludes that there is no reason to reconsider its earlier decision.  Accordingly, the court denies the defendants' motion.

### III. CONCLUSION

For the reasons stated above, the court denies the defendants' motion for reconsideration.  An order consistent with this memorandum opinion is separately issued this 18th day of April, 2013.

RUDOLPH CONTRERAS
United States District Judge